Meredith Greene v. Commissioner.
Greene v. Commissioner
Docket No. 29270.
United States Tax Court
1951 Tax Ct. Memo LEXIS 168; 10 T.C.M. (CCH) 629; T.C.M. (RIA) 51203; June 29, 1951
*168 W. Preston Woodruff, Esq., for the petitioner. William W. Oliver, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax for the calendar year 1945. Deficiency was determined in the amount of $1,003.48. Because of concessions by respondent of an issue as to credit because of support of petitioner's dependent parents, not all of the above amount is involved, and the issue remaining for consideration is the amount of expense of business deductible by the petitioner. This involves examination of the question as to the location of petitioner's home. Findings of Fact The petitioner filed her Federal income tax return for the calendar year 1945 with the collector for the district of Tennessee. During 1945 petitioner was employed by Associated Products, Inc., on a commission basis, as a traveling representative. Her territory consisted of Florida, Georgia, North Carolina, South Carolina, and all of Tennessee except Memphis. During that year she earned total commissions of $16,188.05. Of this amount she received $9,250 during 1945 as shown on a Commission Statement from the employer reciting as follows: *169 Payments Received on Account of
Earned Commissions:
1. Salary Drawings
$3,499.92
2. Travel Expenses
4,000.08
3. Other Advances
1,400.00
4. Withheld Taxes on Advances
350.00
On account of earned commissions petitioner in January 1946 also received $6,938.05, $5,619.83 in cash and $1,318.22 credit for income tax withheld by employer. The $5,619.83 was deposited in a bank at Atlanta, Georgia, on January 14, 1946. Petitioner's contract was on a 5 per cent commission basis with no salary or expenses paid. The employer, however, advanced travel expenses to some extent. Petitioner's employer required her to make daily reports of her activities, where she was and what she did. During 1945 petitioner supervised schools which were conducted in Atlanta, Georgia. She had assistants who actually held the schools which were for girls brought in from different towns. Sometimes her assistants worked in department stores and sometimes they held schools. They did training. The petitioner spent a very substantial part of the year in Atlanta conducting with her assistants such schools, personally or with their help. Petitioner supervised all the work in the territory *170 and the schools in Atlanta. During the year 1945 the petitioner stayed about 98 days at the Atlanta Biltmore Hotel in Atlanta, Georgia. During the year she spent about 111 days in Georgia, 94 days in Florida, 37 days in North Carolina, 31 days in South Carolina, and 46 days in Tennessee. Of the time spent in Tennessee, about 11 days were spent at Jackson, Tennessee, a town about 90 miles from Memphis, in the southwestern part of the state, where her aunt had her home. Jackson had no airport. Of the 11 days at Jackson, Tennessee, 7 were spent from December 25 to December 31, 1945, 2 days in January 1945, and 2 days in May 1945. Under date of June 15, 1949, petitioner wrote a letter stating, in part, as follows: "I maintain a home for my parents and myself in Mississippi and during 1945 I used my aunt's home in Jackson, Tennessee, also." In general, the petitioner did not stay in any one place more than two days. Her hotel bills at the Atlanta Biltmore and other hotels throughout her territory indicate Chicago, Illinois, or 200 East Illinois Street, Chicago, Illinois, as the place from which she registered. Of the 76 hotel bills placed in evidence by the petitioner, none indicates *171 Jackson, Tennessee, as petitioner's address. The petitioner did not keep records of all of her expenses. She kept no records of expense for meals. In claiming her deductions on her income tax return she estimated expenses for food, incidentals and tips. Withholding statements for the years 1943 and 1944 indicate petitioner's address to be Memphis, Tennessee. Petitioner did not in 1945 keep a permanent address in Atlanta or keep any permanent papers there. She could be reached by mail at the Atlanta Biltmore Hotel within a week or two weeks. She still can be reached through the Atlanta Biltmore Hotel. The Atlanta Biltmore Hotel keeps her permanent "home" address and her permanent business address there. With the possible exception of Miami, Florida, Atlanta was the largest city in petitioner's territory. It is a city where there are many trade conventions and where the petitioner's company held one convention a year. They held another in Jacksonville, Florida. The petitioner has for a number of years maintained charge accounts at Rich's, a store in Atlanta, and at General Motors in Atlanta. She did not have the charge account at Rich's in 1945. She was a member of an automobile *172 club paying dues in Atlanta. The petitioner was required to travel about 350 days out of the year and was requested not to take a vacation. She had bills in Atlanta for motor repair, printing, automobile insurance, and cleaning clothes. She purchased a car in June 1945. Petitioner claimed in her income tax return deduction of $7,607.09 from the $9,250 reported as income, leaving net income of $1,642.91. The $7,607.09 is itemized on the return as follows: Traveling Expenses: Hotel and Sample Rooms
$1,815.00
Meals
1,579.50
Incidentals and Tips
no receipt
587.50
Train and Plane Fares
no receipt
700.00
Automobile Expenses: Storage Garage
no receipt
124.50
Gas, Oil, Washing, Repairs
and Lubrication
Receipt 54.60
359.40
Insurance
72.69
License and Use Tax
8.50
Depreciation (Schedule G)
200.00
Commission Paid
250.00
Telephone and Telegrams
582.50
Advertising and Entertaining Customers
1,162.50
Stenographic Service
150.00
Trade Association Dues
15.00
Total Expenses
$7,607.09 The figures for hotel bills, train and plane fares, storage garage, automobile expense, telephone and telegrams, and stenographic service *173 were based, in part, upon bills and, in part, upon estimates. The figure of $1,162.50 for entertainment was after deduction of 10 per cent as "personal." The petitioner preserved, and there were placed in evidence, 76 hotel bills during 1945 to the extent of $2,446, including $1,165.11 from the Atlanta Biltmore Hotel. These bills include not only room rent but many other charges including restaurant bills, paid to the hotels. [1] The bills at the Atlanta Biltmore Hotel bear the following dates in 1945: January 1-4 and 13-23; March 18-25; May 1-17; June 5-18 and 28-29; August 15-26; September 14-30; October 27-November 4; November 16-24. Opinion The only question left for our consideration is as to the proper amount of petitioner's business expenses for the taxable year. The record in this case is in an unsatisfactory condition. To a considerable extent the expenses were merely estimates without substantiating records. In addition, we have the question as to what expenses should be disallowed as not being incurred away from home, within the intendment of section 23(a)(1)(A) of the Internal Revenue Code *174 . We will consider separately the question of the use of estimates, and the question as to expenses away from home. The petitioner claims deduction of total expenses of $7,607.09. There was placed in evidence by the petitioner a "COMMISSION STATEMENT FOR PERIOD COMMENCING Jan. 1 AND ENDING Dec. 31, 1945" which shows total commission earned of $16,188.05, and as "Payments Received on Account of Earned Commissions" the following: 1. Salary Drawings
$ 3,499.92
2. Travel Expenses
4,000.08
3. Other Advances
1,400.00
4. Withheld Taxes on Advances
350.00
Total payments received in 1945 on account of earned commissions were $9,250.00. It thus appears that the petitioner obtained as travel expenses during the year from her employer only $4,000.08. This is the amount allowed as deduction by the respondent. It is, of course, the petitioner's burden to establish, instead of $4,000.08, expenses of $7,607.09. The petitioner, in effect, argues that the $4,000.08 on the Commission Statement from her employer merely indicates travel expenses advanced rather than the actual travel expense for the entire year. She testified that she worked on a 5 per cent commission basis, *175 with no salary or expenses paid, that at the beginning of 1945 when she was employed it was decided that she would draw $7,500 to be allocated to her monthly to be used in connection with her business, and that at the year-end a financial statement would be rendered showing her earnings and the difference between the $7,500 would be paid to her after rendition of the financial statement. The above shown "Commission Statement" appears to be the accounting contemplated. Yet it shows salary, contrary to petitioner's statement, and shows only $4,000.08 travel expenses, whereas under petitioner's testimony she could draw $7,500 for application against expenses. Instead she drew $1,400 as "Other Advances" - an expression which indicates that the employer considered that amount outside of expenses advanced. A distinction seems unnecessary if petitioner, having a right to draw $7,500 "in connection with my business," could draw $7,500, if in fact she had the expense of $7,607.09 as claimed. Why she drew $1,400 as other advances, and salary of $3,499.92 under the contract testified to, is not clear, and is not explained. No other agreement, written or otherwise, was put in evidence. Obviously *176 we must consider these facts. We consider also petitioner's failure, in part, to keep records, and her use of estimates. Thus, estimates are the basis for claims totaling $2,167 for meals, tips and incidentals; and in part for train and plane fares and hotel bills. Incidentals are not explained as to whether personal or business expense. Of $700 charged to train and plane fares employer's memoranda or receipts account for $192.45 and $153.30 airplane expense to New York is shown, without explanation as to whether it is personal or business. In addition, other memoranda, apparently by petitioner, account for $65.13, which appear probably as business expense. For garage and automobile expense the total deducted is $483.90 and $200 depreciation with receipts for $50.60 and no further explanation. The car appears to have been used to some extent in business; and no doubt for personal use. Insurance deducted, $72.69, is substantiated to the extent of $58.19 by a receipt to which is added $14.50 for "AAA dues" in pencil. Items of deduction of commissions paid $250, stenographic service $150, and $15 trade association dues were not the subject of evidence. As to the items for $1,162.50 *177 for "advertising and entertaining" though the $1,162.50 ($1,291.60 "less 10% - $129.00 personal") is covered by pencil sheets of items arranged by months, all are in the same handwriting, appearing to be written at the same time, rather than current entries of expense. No receipts were shown or other explanation made, or indication as to the amount of personal expense included. No evidence of advertising appears. Whether it is claimed or not is uncertain. As shown in the facts found, the word "advertising" appears stricken, by someone, on the return as filed. Yet it appears on petitioner's retained copy, placed in evidence. Bills for hotel bills (not including other items appearing on bills) were proven to the extent of $1,344.05 out of $1,815 deducted. Of this amount $519 appears as paid to Atlanta Biltmore Hotel. Under such circumstances it is not necessary to discuss in detail the estimated expense claimed by the petitioner. Under the principle advocated in Cohan v. Commissioner, 39 Fed. (2d) 540, we make as close an approximation as we can, bearing not too heavily, we think under the facts here, "upon the taxpayer whose inexactitude is of his own making." Petitioner, *178 being required by her employer to make daily reports, it is difficult to understand why she could not produce daily records, and not estimates. We next consider the respondent's contention that expenses claimed as incurred outside of Atlanta, Georgia, are not ordinary and necessary expenses incurred while away from home in pursuit of business within section 23(a)(1)(A) of the Internal Revenue Code. Petitioner contends, however, that her home was at Jackson, Tennessee, in the southwestern part of that state, where, she says, she resided with her aunt, though her parents lived and were supported by her in Mississippi. We have examined all of the evidence on this point and therefrom we are not convinced that the petitioner has shown that her home was in Jackson, Tennessee. The details of the evidence need not be repeated; suffice it to state that the petitioner, further than to state that she resided with her aunt at Jackson and that that was her home and that her records were sent to Jackson, did not explain further her residence at Jackson, as to whether she maintained a room there, or otherwise. The record discloses, in a statement attached to her retained copy *179 of her income tax return, that she spent only about 11 days there in 1945. This consisted of 2 days in January, 2 days in May, and 7 days from December 25 to December 31, 1945. We note also that a very great many of her hotel bills indicate her residence to be Chicago, Illinois, some of them giving a specific address there. These bills extend generally throughout the year 1945. Thus, it appears that in traveling she did not refer to Jackson, Tennessee, as her address or home. No hotel bill, out of 76 placed in evidence, so indicates. Petitioner, however, does not contend that she lived in Chicago. It may be that such was the address of her employer, but this is not explained. On the other hand, we find petitioner spending 98 days at the Atlanta Biltmore Hotel throughout the year, and it is apparent from the entire record that Atlanta was her business headquarters. She returned to that city constantly after trips to various cities in connection with her business. All bills (other than hotel bills outside Atlanta) which she submitted in evidence, such as for automobile expense, cleaning, and printing, are from Atlanta firms. She testified that she could always be reached at the Atlanta *180 Biltmore Hotel. Though she now claims Jackson, Tennessee, as her home, the petitioner in a letter in 1949 said that during 1945 "I used my aunt's home in Jackson, Tennessee, also." The use of someone else's home is an indication that it is that of another. Reason forbids the approval of a contention that an aunt's home visited only 11 days during a year is that of the petitioner who was making her business headquarters, where she trained her assistants and from which she traveled in her work, in a distant city where she stayed many times as much as with her aunt. Her parents, whom she claimed as dependents, did not live at Jackson, Tennessee. Under all the circumstances presented by the record here, we are convinced and find that the petitioner did not have a home at Jackson, Tennessee. Her principal place of business was Atlanta. Commissioner v. Flowers, 326 U.S. 465. We conclude that she is not entitled to deduct all living expenses when away from her aunt's home in that place, that is, for all the year except 11 days. This conclusion calls for the allowance of the expense of meals and lodging when away from Atlanta. The record contains proof of hotel bills, that is, *181 bills for lodging, covering about 260 days throughout the year, of which 98 days were in Atlanta. Other days are not accounted for on bills. We, therefore, under the rule of Cohan v. Commissioner, supra, and because of the absence of other proof, consider and hold that 100/365ths of the petitioner's deductions of $2,167 for otherwise unproven expenses for meals, tips and incidentals should be allocated to Atlanta as paid in Atlanta and are disallowed in the amount of $599.50; that is, $1,566 is allowed. Hotel bills in Atlanta in the amount of $519 are disallowed. Of the remaining $1,296 claimed for hotel bills, partly based on estimates, $1,150 is allowed. Under the item of advertising and entertaining, there is no evidence at all of advertising and no receipts or other evidence of entertaining. We allow $581.25. As to several other items, there is no evidence except petitioner's general statement that she expended the amounts in business. Such statements do not control. We have under the Cohan case, considering estimates used, and approximating bills because of indefiniteness of the record as to amount of personal expense, however also allowed as follows: Commissions *182 $125, plane and train fares $350, automobile and garage expenses $352.45, insurance $72.69, license $8.50, depreciation $145, telephone and telegraph $500, stenographic service $75; making a total of $4,925.89 allowed as deductible expenses of business. Decision will be entered under Rule 50. Footnotes
1. The hotel bills for room only were about $1,344, including about $519 at Atlanta Biltmore Hotel.↩